STATE OF MONTANA, Plaintiff and Respondent, v. DAVID L. AZURE, Defendant and Appellant.

No. 14373.
Submitted on Briefs Oct. 12, 1978.
Decided Nov. 1, 1978.
As Amended Nov. 6, 1978.
587 P.2d 1297.

Sias, Ranstrom & Graham, Chinook, for defendant and appellant.

Mike Greely, Atty. Gen., Helena, William M. Solem, County Atty., Chinook, for plaintiff and respondent.

MR. CHIEF JUSTICE HASWELL delivered the opinion of the Court.

Defendant appeals from the sentence imposed upon him following his conviction of mitigated deliberate homicide in the District Court of Phillips County.

This appeal marks the second time this case has been before this Court. See *State v. Azure* (1977), 175 Mont. 189, 573 P.2d 179. While we held the District Court erred in not allowing defendant to withdraw his guilty plea to deliberate homicide we remanded the case to the District Court for trial.

Defendant was charged with killing Randy Lewis on June 23, 1976, and went on trial for deliberate homicide in April, 1978. He was convicted of mitigated deliberate homicide.

On April 17, 1978, defendant received a 40-year sentence providing that he would not be eligible for parole until he had served one-half of his term, less good time allowances. Defendant now appeals from the sentence imposed.

■ The sole issue on appeal is whether the imposition for conviction under statutes not in force at the time the offense was committed is an *ex post facto* application of the law and therefore unconstitutional. We hold that it is under authority of *State v. Gone* (1978), 179 Mont. 271, 587 P.2d 1291.

■ A law which eliminates or delays a defendant's parole eligibility after the criminal offense has been committed is *ex post facto* as applied to that defendant. *State v. Gone, supra; State ex rel. Nelson v. Ellsworth* (1963), 142 Mont. 14, 380 P.2d 886; *Greenfield v. Scafati* (D.Mass.1967) 277 F.Supp. 644, aff'd per curiam (1968), 390 U.S. 713, 88 S.Ct. 1409, 20 L.Ed.2d 250. The State agrees with defendant that the applications of these statutes is *ex post facto* in his case.

■ As in *Gone*, we strike the provision eliminating parole eligibility until one-half of his term is served, less good time allowances.

As so modified, the sentence is affirmed.

MR. JUSTICES DALY, HARRISON, SHEA and SHEEHY concur.